Victoria O. Oshodi, Plaintiff *in Propria Persona*
3265 Gossett Court
Waldorf, Maryland 20603

FILED _____ ENTERED
LODGED _BD_ RECEIVED

OCT 2 2 2015

## UNITED STATES DISTRICT COURT

## DISTRICT OF MARYLAND

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

VICTORIA O. OSHODI

    PLAINTIFF

v.

CASE NO. _____ TDC 15CV32 1

EDWARD S. COHN DBA "SUBSTITUTE TRUSTEE"
A/K/A "STEPHEN N. GOLDBERG" A/K/A "RICHARD
E. SOLOMON" A/K/A "RICHARD J. ROGERS" A/K/A
"RANDALL J. ROLLS" AND GMAT LEGAL TITLE
TRUST 2014-1, U.S. BANK, NATIONAL
ASSOCIATION, AS LEGAL TITLE TRUSTEE AND
SELENA MITCHERSON DBA "RUSHMORE LOAN
MANAGEMENT SERVICES, LLC, AS ATTORNEY-
IN-FACT BY APPOINTMENT" AND [BUYER]

    DEFENDANTS

_____/

## COUNT I – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Comes now the plaintiff Victoria O. Oshodi and sues the defendant EDWARD S. COHN DBA "SUBSTITUTE TRUSTEE" A/K/A "STEPHEN N. GOLDBERG" A/K/A "RICHARD E. SOLOMON" A/K/A "RICHARD J. ROGERS" A/K/A "RANDALL J. ROLLS" for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

The plaintiff has resided in Charles County, Maryland at the address known as 3265 Gossett Court, Waldorf, Maryland for all times material to this complaint.

The defendant is an individual doing business under a list of fictitious names and the designation of "Substitute Trustee" in the State of Maryland with its principle place of business at the address of 600 Baltimore Avenue, Suite 208, Towson, MD 21204, for all times material to this complaint.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff. The debt collection involves a purported debt for personal, family

or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The subject property that has given rise to this complaint is known as a trust deed, and rights thereunder, and land with fixtures on the land that is encumbered by a trust deed recorded in Charles County, Maryland, a true and correct copy of which is attached.

**PLAIN STATEMENT**

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a trust deed that was recorded on the date of November 24th 2008, in Charles County, Maryland, in the amount of $364,500. The deed secured the payment of a promissory note made payable to COUNTRYWIDE BANK, FSB, the lender stated on the trust deed. The trustee's name in this instrument is RECONTRUST COMPANY.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose.

Within the previous twelve months, the defendant began sending written communication to the plaintiff stating that it was representing various parties having rights under the same trust deed, or at least plaintiff understood that it was representing

parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiff asked the defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, or who were aware of its actions. No response was given.

Instead, the defendant sent information about an individual in Minnesota named Lora Ann Loahr whose home at the address of 17371 Uplander Street, NW, Andover, MN 55304 who also appears to be in foreclosure involving a limited liability company called Rushmore Loan Management Services, LLC.

Plaintiff sincerely believes that her information was negligently disclosed to third parties as well.

The plaintiff explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

The defendant sent written communication to the plaintiffs stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiffs asked the defendant to provide verification that these parties she was supposed to have been representing, whose names she was using, were aware of her actions.

The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

Plaintiffs also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

The purported debt is not a debt held or collected under the name of the defendant.

The defendant made false representations that it was the holder of a note or promise to pay in which the plaintiff owed the defendant.

The defendant made false representations that it had rights to foreclose against the plaintiff's property (home) under the provisions of a trust deed that is recorded against the title of the plaintiff's property in the county where the property is situated.

The defendant is utilizing the statutory foreclosure process for this state for the purpose of engaging in a scheme that aims to conceal the identity, source, and destination of illicitly-obtained money, specifically the plaintiff's promissory note.

First, the defendant acquired a copy, forged or counterfeit version of the plaintiff's promissory note.  The actual steps taken are unclear at this time but there was no valuable consideration given in the process and the original lender or originator either no longer exists or has no records of this instrument.

Second, the defendant is and has been employing a complex scheme, including what has become known recently as "securitization", and then assignments, trusteeships and other counter parties or affiliates such as "serving agents" to obscure who initially received the money.

Finally, the parties involved have been compensated in a list of different ways from this scheme, such as removing the liability from accounting records and obtaining tax benefits from the United States, sustaining the illusion of solvency for pension funds of those government officers who participate in the scheme, including judges and attorneys and clerks of the court.  And all of these steps have been undertaken in a very complex, obscure and indirect way so as to conceal who did what and when.

The defendant requested certain financial disclosures from the plaintiff claiming that the disclosures would persuade the defendant to cease its foreclosure actions provided that money was paid by the plaintiff to the defendant or its privies.

The defendant did not have the typical credit information of the plaintiff, such as a social security number, or date of birth or other banking information that a creditor would normally be expected to have already obtained before a debt obligation was established.

The defendant has used a false or fictitious name in the undertaking of its collection actions.

The defendant has used a name other than the true name of its business, company or organization.

After several written requests, the defendant has refused to identify its owners, principals or interests it claims to have in the plaintiff's property.  Instead of making these disclosures, defendant has falsely represented that it does have certain legal rights under the trust deed and that it has the right to foreclose of the plaintiff fails or refuses to provide more credit, banking, financial, personal and other identifying information along with agreeing to making regular payments of money to the defendant or its privies.

The defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not foreclosing and has only provided copies of records that anyone could obtain from the county recorders' office.

The defendant has falsely represented the name of the creditor to whom it alleges the debt is owed.

The defendant has threatened to undertake a foreclosure action against the plaintiff when it has no such rights to do so.

The defendant falsely represented that if the plaintiff failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that it would sell the plaintiff's property at a public auction.

The defendant delivered to the plaintiff written communications that were made to look like or falsely represent documents authorized, issued, or approved by a court, official, or agency of the United States or the state, by using words that would give a false impression of the document's source, authorization, or approval.

The defendant has falsely represented that the plaintiff's credit accounts were sold to innocent purchases for value.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A.   An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B.   An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C.   An award of actual damages;

D.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

**COUNT II – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.**

Comes now the plaintiff Victoria O. Oshodi and sues the defendant the defendant GMAT LEGAL TITLE TRUST 2014-1, U.S. BANK, NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE for penalties and actual damages for unfair and deceptive

collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

The plaintiff has resided in Charles County, Maryland at the address known as 3265 Gossett Court, Waldorf, Maryland for all times material to this complaint.

The defendant is a group of organizations, such as a trust, national association and trustee, doing business in the State of Maryland with its principle place of business at the address of 425 Walnut Street, Cincinnati, OH 45202-3923 for all times material to this complaint.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff. The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The subject property that has given rise to this complaint is known as a trust deed, and rights thereunder, and land with fixtures on the land that is encumbered by a trust deed recorded in Charles County, Maryland, a true and correct copy of which is attached.

**PLAIN STATEMENT**

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a trust deed that was recorded on the date of November 24th 2008, in Charles County, Maryland, in the amount of $364,500. The

deed secured the payment of a promissory note made payable to COUNTRYWIDE BANK, FSB, the lender stated on the trust deed.  The trustee's name in this instrument is RECONTRUST COMPANY.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose.

Within the previous twelve months, the defendant began sending written communication to the plaintiff stating that it was representing various parties having rights under the same trust deed, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiff asked the defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, or who were aware of its actions.  No response was given.

The plaintiff explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

The defendant sent written communication to the plaintiffs stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiffs asked the defendant to provide verification that these parties she was supposed to have been representing, whose names she was using, were aware of her actions.

The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

Plaintiffs also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and

actual damages for continuing to undertake these actions.

The purported debt is not a debt held or collected under the name of the defendant.

The defendant made false representations that it was the holder of a note or promise to pay in which the plaintiff owed the defendant.

The defendant made false representations that it had rights to foreclose against the plaintiff's property (home) under the provisions of a trust deed that is recorded against the title of the plaintiff's property in the county where the property is situated.

The defendant requested certain financial disclosures from the plaintiff claiming that the disclosures would persuade the defendant to cease its foreclosure actions provided that money was paid by the plaintiff to the defendant or its privies.

The defendant is utilizing the statutory foreclosure process for this state for the purpose of engaging in a scheme that aims to conceal the identity, source, and destination of illicitly-obtained money, specifically the plaintiff's promissory note.

First, the defendant acquired a copy, forged or counterfeit version of the plaintiff's promissory note. The actual steps taken are unclear at this time but there was no valuable consideration given in the process and the original lender or originator either no longer exists or has no records of this instrument.

Second, the defendant is and has been employing a complex scheme, including what has become known recently as "securitization", and then assignments, trusteeships and other counter parties or affiliates such as "serving agents" to obscure who initially received the money.

Finally, the parties involved have been compensated in a list of different ways from this scheme, such as removing the liability from accounting records and obtaining tax benefits from the United States, sustaining the illusion of solvency for pension funds of those government officers who participate in the scheme, including judges and attorneys and clerks of the court. And all of these steps have been undertaken in a very complex, obscure and indirect way so as to conceal who did what and when.

The defendant requested certain financial disclosures from the plaintiff claiming

that the disclosures would persuade the defendant to cease its foreclosure actions provided that money was paid by the plaintiff to the defendant or its privies.

The defendant did not have the typical credit information of the plaintiff, such as a social security number, or date of birth or other banking information that a creditor would normally be expected to have already obtained before a debt obligation was established.

The defendant has used a false or fictitious name in the undertaking of its collection actions.

The defendant has used a name other than the true name of its business, company or organization.

After several written requests, the defendant has refused to identify its owners, principals or interests it claims to have in the plaintiff's property. Instead of making these disclosures, defendant has falsely represented that it does have certain legal rights under the trust deed and that it has the right to foreclose of the plaintiff fails or refuses to provide more credit, banking, financial, personal and other identifying information along with agreeing to making regular payments of money to the defendant or its privies.

The defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not foreclosing and has only provided copies of records that anyone could obtain from the county recorders' office.

The defendant has falsely represented the name of the creditor to whom it alleges the debt is owed.

The defendant has threatened to undertake a foreclosure action against the plaintiff when it has no such rights to do so.

The defendant falsely represented that if the plaintiff failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that it would sell the plaintiff's property at a public auction.

The defendant delivered to the plaintiff written communications that were made to look like or falsely represent documents authorized, issued, or approved by a court, official, or agency of the United States or the state, by using words that would give a false impression of the document's source, authorization, or approval.

The defendant has falsely represented that the plaintiff's credit accounts were sold to innocent purchases for value.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C. An award of actual damages;

D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT III – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Comes now the plaintiff Victoria O. Oshodi and sues the defendant SELENA MITCHERSON DBA "RUSHMORE LOAN MANAGEMENT SERVICES, LLC, AS ATTORNEY-IN-FACT BY APPOINTMENT" for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

The plaintiff has resided in Charles County, Maryland at the address known as 3265 Gossett Court, Waldorf, Maryland for all times material to this complaint.

The defendant is an individual doing business under the designation of a limited liability company in the State of Maryland with its principle place of business at the address of 15480 Laguna Canyon Road, Suite 100, Irvine, CA 92618, for all times material to this complaint.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff. The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The subject property that has given rise to this complaint is known as a trust deed, and rights thereunder, and land with fixtures on the land that is encumbered by a trust deed recorded in Charles County, Maryland, a true and correct copy of which is attached.

**PLAIN STATEMENT**

Plaintiff entered into a collateral agreement known as a mortgage involving his

property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a trust deed that was recorded on the date of November 24th 2008, in Charles County, Maryland, in the amount of $364,500.  The deed secured the payment of a promissory note made payable to COUNTRYWIDE BANK, FSB, the lender stated on the trust deed.  The trustee's name in this instrument is RECONTRUST COMPANY.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose.

Within the previous twelve months, the defendant began sending written communication to the plaintiff stating that it was representing various parties having rights under the same trust deed, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiff asked the defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, or who were aware of its actions.  No response was given.

The plaintiff explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

The defendant sent written communication to the plaintiffs stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiffs asked the defendant to provide verification that these parties she was

supposed to have been representing, whose names she was using, were aware of her actions.

The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

Plaintiffs also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

The purported debt is not a debt held or collected under the name of the defendant.

The defendant made false representations that it was the holder of a note or promise to pay in which the plaintiff owed the defendant.

The defendant made false representations that it had rights to foreclose against the plaintiff's property (home) under the provisions of a trust deed that is recorded against the title of the plaintiff's property in the county where the property is situated.

The defendant requested certain financial disclosures from the plaintiff claiming that the disclosures would persuade the defendant to cease its foreclosure actions provided that money was paid by the plaintiff to the defendant or its privies.

The defendant is utilizing the statutory foreclosure process for this state for the purpose of engaging in a scheme that aims to conceal the identity, source, and destination of illicitly-obtained money, specifically the plaintiff's promissory note.

First, the defendant acquired a copy, forged or counterfeit version of the plaintiff's promissory note. The actual steps taken are unclear at this time but there was no valuable consideration given in the process and the original lender or originator either no longer exists or has no records of this instrument.

Second, the defendant is and has been employing a complex scheme, including what has become known recently as "securitization", and then assignments, trusteeships and other counter parties or affiliates such as "serving agents" to obscure

who initially received the money.

Finally, the parties involved have been compensated in a list of different ways from this scheme, such as removing the liability from accounting records and obtaining tax benefits from the United States, sustaining the illusion of solvency for pension funds of those government officers who participate in the scheme, including judges and attorneys and clerks of the court. And all of these steps have been undertaken in a very complex, obscure and indirect way so as to conceal who did what and when.

The defendant requested certain financial disclosures from the plaintiff claiming that the disclosures would persuade the defendant to cease its foreclosure actions provided that money was paid by the plaintiff to the defendant or its privies.

The defendant did not have the typical credit information of the plaintiff, such as a social security number, or date of birth or other banking information that a creditor would normally be expected to have already obtained before a debt obligation was established.

The defendant has used a false or fictitious name in the undertaking of its collection actions.

The defendant has used a name other than the true name of its business, company or organization.

After several written requests, the defendant has refused to identify its owners, principals or interests it claims to have in the plaintiff's property.  Instead of making these disclosures, defendant has falsely represented that it does have certain legal rights under the trust deed and that it has the right to foreclose of the plaintiff fails or refuses to provide more credit, banking, financial, personal and other identifying information along with agreeing to making regular payments of money to the defendant or its privies.

The defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not foreclosing and has only provided copies of records that anyone could obtain from the county recorders' office.

The defendant has falsely represented the name of the creditor to whom it alleges the debt is owed.

The defendant has threatened to undertake a foreclosure action against the plaintiff when it has no such rights to do so.

The defendant falsely represented that if the plaintiff failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that it would sell the plaintiff's property at a public auction.

The defendant delivered to the plaintiff written communications that were made to look like or falsely represent documents authorized, issued, or approved by a court, official, or agency of the United States or the state, by using words that would give a false impression of the document's source, authorization, or approval.

The defendant has falsely represented that the plaintiff's credit accounts were sold to innocent purchases for value.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of contacting him.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B. An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C. An award of actual damages;

D. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COMPLAINT FOR IDENTITY THEFT

Comes now the plaintiff Victoria O. Oshodi and sues the defendant EDWARD S. COHN DBA "SUBSTITUTE TRUSTEE" A/K/A "STEPHEN N. GOLDBERG" A/K/A "RICHARD E. SOLOMON" A/K/A "RICHARD J. ROGERS" A/K/A "RANDALL J. ROLLS" in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

### JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

### VENUE

The plaintiff has resided in Charles County, Maryland at the address known as 3265 Gossett Court, Waldorf, Maryland for all times material to this complaint.

The defendant is an individual doing business under a list of fictitious names and the designation of "Substitute Trustee" in the State of Maryland with its principle place of

business at the address of 600 Baltimore Avenue, Suite 208, Towson, MD  21204, for all times material to this complaint.

## PLAIN STATEMENT

This complaint concerns the defendant's actions and conduct whereby it acquired the plaintiff's credit and financial information, at least enough to make it appear as if the defendant was working with the lender in the trust deed.  The defendant then proceeded to send written communications to the plaintiff stating that it now either had rights to foreclose under the trust deed or that it was working with other parties who had rights to foreclose, unless the plaintiff made more financial disclosures and modified payment arrangements to the defendant.

The defendant pretended to help the plaintiff and lead him into making more and more financial disclosures and then either discontinued the communication after it obtained what it wanted, or created a situation to make it appear as if the plaintiff did not qualify, but then never returned or certified the destruction of the records and information obtain about the plaintiff.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a trust deed that was recorded on the date of November 24th 2008, in Charles County, Maryland, in the amount of $364,500.  The deed secured the payment of a promissory note made payable to COUNTRYWIDE BANK, FSB, the lender stated on the trust deed.  The trustee's name in this instrument is RECONTRUST COMPANY.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

## STATEMENTS OF FACT AND DEFINITIONS

The term "identity theft" includes the act of stealing one's mail or looking through one's private home and/or commercial business trash. Sometimes the theft is undertaken by simply communicating with the victim, such as via mail, telephone and sometimes during service calls such as a plumber casing a house and then giving the information he discovers to a third party for money.

Sometimes identity thieves steal your wallet or purse, and sometimes they only take the information in your wallet or purse. They will also fraudulently pose as potential landlords, tax collector, banking organizations, attorneys, prospective or current employers, or creditors to try to obtain your personal data under false pretenses. The methods of identity theft have become known by the new term "phishing".

The term "phishing" is defined as someone is tricked into giving up personal information, typically by sending out what looks like official communications from banks, credit unions, or credit card companies asking to confirm private information including personal identification numbers and other critical identifiers. Some go so far as to file a "change of address" form to divert your mail to a drop or Post Office Box address.

The most recent example comes from the expanding mortgage foreclosure segment of the fiance market; whereby, individuals gather together public records such as trust deeds and create promissory notes and copy signatures from the trust deeds to the notes and use those copies along with other records created by software, to commission attorneys to begin a foreclosure action. The attorneys then contact a homeowner and tell him that his mortgage is in default, and usually claim some unknown third party to whom it's in default, and that to avoid foreclosure, he will have to provide financial disclosures for a "loan modification'. Out of fear, the unsuspecting homeowner provides this information without any conditions, such as never being advised of the perpetrator's document retention policy or what the financial information will be used for. Many organizations are able to obtain credit information about the homeowner simply by paying a membership fee to Equifax. This information is then used to obtain more information. In probably every case, this financial information is sold or traded to third parties and utilized in making false reports to the IRS, such as on Form 1099.

Identifying information also includes a person's name, telephone number, date of

birth, mother's maiden name, driver's license number, state identification number, or any other piece of information that can identify a person.

## COUNT IV – COMPLAINT FOR IDENTITY THEFT

Comes now the plaintiff Victoria O. Oshodi and sues the defendant EDWARD S. COHN DBA "SUBSTITUTE TRUSTEE" A/K/A "STEPHEN N. GOLDBERG" A/K/A "RICHARD E. SOLOMON" A/K/A "RICHARD J. ROGERS" A/K/A "RANDALL J. ROLLS" in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

The plaintiffs re-allege the foregoing and incorporate each statement herein.

Jurisdiction and venue are proper and this complaint is an action at law and is properly before this court.

Plaintiff's "private information", as the term is used in this complaint and accepted commonly in our modern community, includes but is not limited to the likeness of the plaintiff, and his personal identifying information, banking, financial and credit information, and any other personal information that is or can be used by the plaintiff for his own personal and professional benefits.

Plaintiff has the right to keep his private information and records from third parties, and has a right to rely upon the third party to only request such information for legitimate and legal purposes.  The plaintiff's private records include the information appearing on his birth certificate, tax records, banking records, financial and other personal information and information that identifies the plaintiff, such as his likeness, photographs, videos, and other records which have not been deliberately published to third parties.

Beginning from around March of 2012 and continuing through the present day, the plaintiff were contacted by the defendant and other organizations affiliated with, and that appeared to be working for the defendant.  Plaintiff has reason to believe that these organizations where owned and operated by the defendant and being used to conceal the identities of the defendant.  These organizations threatened the plaintiffs with the taking their home and money unless they provided certain financial, personal, banking

and identifying information to the defendant. True and correct copies of these correspondences are attached as Exhibit B.

The defendant also made inquiries of the plaintiff credit report but did not have a permissible purpose.

The defendant obtained records from the public domain that pertain to the plaintiff's property and rights to his property, and then use these records to create additional records and convince the personnel working in the court system to participate in a public auction of the plaintiff's home.

The defendant sent information about an individual in Minnesota named Lora Ann Loahr whose home at the address of 17371 Uplander Street, NW, Andover, MN 55304 who also appears to be in foreclosure involving a limited liability company called Rushmore Loan Management Services, LLC.

Plaintiff sincerely believes that her information was negligently disclosed to third parties as well.

The defendant has deliberately and willfully, falsely presented itself and impersonated itself to the plaintiff as another person to obtain the plaintiff's property for purposes not permitted by law or agreement.

The defendant had an affirmative duty to disclose the purposes for which it coerced plaintiff's banking, personal, financial and identifying information.

The defendant's actions were deliberate and will and negligent and careless. The plaintiff was never provided with a disclosure of the defendant's document retention policy or an explanation of the purposes for which the plaintiff's private information would be used.

The plaintiff requested a copy of the defendant's document retention policy but this request was ignored.

The defendant intentionally and willfully violated the plaintiff's rights to privacy and to keep his private and personal records private.

The defendant engaged in communications with the plaintiff and deceived him into disclosing his private information. The defendant accomplished this by using the information already available to the defendant in the public domain to make it appear as

if the defendant had some legal rights to obtain more of the plaintiff's private information, when the defendant did not have such rights.

After obtaining plaintiff's private information, defendant used this information for its own financial gain and ulterior and undisclosed purposes, and for purposes not permitted by law or by the plaintiff. The defendant has or intends to file claims with the Internal Revenue Service, such as Form 1099, using the plaintiff's identifying information.

The defendant has or intends to use the plaintiff's private information to sell or trade with third parties for the mutual benefit of these parties, exclusive of contrary to the interests of the plaintiff.

The defendant used this information to sell the plaintiffs' property at a public auction in order to further give the appearance that it was legal when it was not.

Since the date of March 15th 2012, and to the best of plaintiff's knowledge, the defendant has been in possession of plaintiff's private information, and without the consent of the plaintiff and without legal authority.

## DAMAGES

The plaintiff has suffered damages as a direct and proximate result of the defendant's actions and failures to act.

The plaintiff has suffered the loss of the actual fair market value of his home because the defendant has been encumbering the plaintiff's property, before, during and following the foreclosure thereof. The actual damages are: 1. The fair market value of plaintiff's property in the amount of $350,000. 2. The loss of the money deposited with the lender identified on the mortgage or trust deed lien in the amount of $364,500. 3. Costs and attorney fees associated with defending against the foreclosure process in the amount of $2,200 and 4. Unauthorized use and retention of plaintiff's personal, banking, financial and identifying information resulting in damages that have not yet fully been able to be calculated by that are estimated to exceed $250,000 as of this date.

WHEREFORE plaintiff demands judgment against the defendant in the aggregate amount of damages alleged in the complaint of $966,700, together with other

relief this court deems appropriate.

## COMPLAINT FOR IDENTITY THEFT

Comes now the plaintiff Victoria O. Oshodi and sues the defendant the defendant GMAT LEGAL TITLE TRUST 2014-1, U.S. BANK, NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

### JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

### VENUE

The plaintiff has resided in Charles County, Maryland at the address known as 3265 Gossett Court, Waldorf, Maryland for all times material to this complaint.

The defendant is a group of organizations, such as a trust, national association and trustee, doing business in the State of Maryland with its principle place of business at the address of 425 Walnut Street, Cincinnati, OH 45202-3923 for all times material to this complaint.

### PLAIN STATEMENT

This complaint concerns the defendant's actions and conduct whereby it acquired the plaintiff's credit and financial information, at least enough to make it appear as if the defendant was working with the lender in the trust deed.  The defendant then proceeded to send written communications to the plaintiff stating that it now either had rights to foreclose under the trust deed or that it was working with other parties who had rights to foreclose, unless the plaintiff made more financial disclosures and modified payment arrangements to the defendant.

The defendant pretended to help the plaintiff and lead him into making more and more financial disclosures and then either discontinued the communication after it

obtained what it wanted, or created a situation to make it appear as if the plaintiff did not qualify, but then never returned or certified the destruction of the records and information obtain about the plaintiff.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a trust deed that was recorded on the date of November 24th 2008, in Charles County, Maryland, in the amount of $364,500. The deed secured the payment of a promissory note made payable to COUNTRYWIDE BANK, FSB, the lender stated on the trust deed. The trustee's name in this instrument is RECONTRUST COMPANY.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

## STATEMENTS OF FACT AND DEFINITIONS

The term "identity theft" includes the act of stealing one's mail or looking through one's private home and/or commercial business trash. Sometimes the theft is undertaken by simply communicating with the victim, such as via mail, telephone and sometimes during service calls such as a plumber casing a house and then giving the information he discovers to a third party for money.

Sometimes identity thieves steal your wallet or purse, and sometimes they only take the information in your wallet or purse.  They will also fraudulently pose as potential landlords, tax collector, banking organizations, attorneys, prospective or current employers, or creditors to try to obtain your personal data under false pretenses. The methods of identity theft have become known by the new term "phishing".

The term "phishing" is defined as someone is tricked into giving up personal information, typically by sending out what looks like official communications from banks, credit unions, or credit card companies asking to confirm private information including

personal identification numbers and other critical identifiers. Some go so far as to file a "change of address" form to divert your mail to a drop or Post Office Box address.

The most recent example comes from the expanding mortgage foreclosure segment of the fiance market; whereby, individuals gather together public records such as trust deeds and create promissory notes and copy signatures from the trust deeds to the notes and use those copies along with other records created by software, to commission attorneys to begin a foreclosure action. The attorneys then contact a homeowner and tell him that his mortgage is in default, and usually claim some unknown third party to whom it's in default, and that to avoid foreclosure, he will have to provide financial disclosures for a "loan modification'. Out of fear, the unsuspecting homeowner provides this information without any conditions, such as never being advised of the perpetrator's document retention policy or what the financial information will be used for. Many organizations are able to obtain credit information about the homeowner simply by paying a membership fee to Equifax. This information is then used to obtain more information. In probably every case, this financial information is sold or traded to third parties and utilized in making false reports to the IRS, such as on Form 1099.

Identifying information also includes a person's name, telephone number, date of birth, mother's maiden name, driver's license number, state identification number, or any other piece of information that can identify a person.

## COUNT V – COMPLAINT FOR IDENTITY THEFT

Comes now the plaintiff Victoria O. Oshodi and sues the defendant the defendant GMAT LEGAL TITLE TRUST 2014-1, U.S. BANK, NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

The plaintiffs re-allege the foregoing and incorporate each statement herein.

Jurisdiction and venue are proper and this complaint is an action at law and is properly before this court.

Plaintiff's "private information", as the term is used in this complaint and accepted

commonly in our modern community, includes but is not limited to the likeness of the plaintiff, and his personal identifying information, banking, financial and credit information, and any other personal information that is or can be used by the plaintiff for his own personal and professional benefits.

Plaintiff has the right to keep his private information and records from third parties, and has a right to rely upon the third party to only request such information for legitimate and legal purposes. The plaintiff's private records include the information appearing on his birth certificate, tax records, banking records, financial and other personal information and information that identifies the plaintiff, such as his likeness, photographs, videos, and other records which have not been deliberately published to third parties.

Beginning from around March of 2012 and continuing through the present day, the plaintiff were contacted by the defendant and other organizations affiliated with, and that appeared to be working for the defendant. Plaintiff has reason to believe that these organizations where owned and operated by the defendant and being used to conceal the identities of the defendant. These organizations threatened the plaintiffs with the taking their home and money unless they provided certain financial, personal, banking and identifying information to the defendant. Copies of these written communications are attached as Exhibit B.

The defendant also made inquiries of the plaintiff credit report but did not have a permissible purpose.

The defendant obtained records from the public domain that pertain to the plaintiff's property and rights to his property, and then use these records to create additional records and convince the personnel working in the court system to participate in a public auction of the plaintiff's home.

The defendant has deliberately and willfully, falsely presented itself and impersonated itself to the plaintiff as another person to obtain the plaintiff's property for purposes not permitted by law or agreement.

The defendant had an affirmative duty to disclose the purposes for which it coerced plaintiff's banking, personal, financial and identifying information.

The defendant's actions were deliberate and will and negligent and careless. The plaintiff was never provided with a disclosure of the defendant's document retention policy or an explanation of the purposes for which the plaintiff's private information would be used.

The plaintiff requested a copy of the defendant's document retention policy but this request was ignored.

The defendant intentionally and willfully violated the plaintiff's rights to privacy and to keep his private and personal records private.

The defendant engaged in communications with the plaintiff and deceived him into disclosing his private information. The defendant accomplished this by using the information already available to the defendant in the public domain to make it appear as if the defendant had some legal rights to obtain more of the plaintiff's private information, when the defendant did not have such rights.

After obtaining plaintiff's private information, defendant used this information for its own financial gain and ulterior and undisclosed purposes, and for purposes not permitted by law or by the plaintiff. The defendant has or intends to file claims with the Internal Revenue Service, such as Form 1099, using the plaintiff's identifying information.

The defendant has or intends to use the plaintiff's private information to sell or trade with third parties for the mutual benefit of these parties, exclusive of contrary to the interests of the plaintiff.

The defendant used this information to sell the plaintiffs' property at a public auction in order to further give the appearance that it was legal when it was not.

Since the date of March 15th 2012, and to the best of plaintiff's knowledge, the defendant has been in possession of plaintiff's private information, and without the consent of the plaintiff and without legal authority.

## DAMAGES

The plaintiff has suffered damages as a direct and proximate result of the defendant's actions and failures to act.

The plaintiff has suffered the loss of the actual fair market value of his home because the defendant has been encumbering the plaintiff's property, before, during and following the foreclosure thereof. The actual damages are: 1. The fair market value of plaintiff's property in the amount of $350,000. 2. The loss of the money deposited with the lender identified on the mortgage or trust deed lien in the amount of $364,500. 3. Costs and attorney fees associated with defending against the foreclosure process in the amount of $2,200 and 4. Unauthorized use and retention of plaintiff's personal, banking, financial and identifying information resulting in damages that have not yet fully been able to be calculated by that are estimated to exceed $250,000 as of this date.

WHEREFORE plaintiff demands judgment against the defendant in the aggregate amount of damages alleged in the complaint of $966,700, together with other relief this court deems appropriate.

## COMPLAINT FOR IDENTITY THEFT

Comes now the plaintiff Victoria O. Oshodi and sues the defendant SELENA MITCHERSON DBA "RUSHMORE LOAN MANAGEMENT SERVICES, LLC, AS ATTORNEY-IN-FACT BY APPOINTMENT" in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

### JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

### VENUE

The plaintiff has resided in Charles County, Maryland at the address known as 3265 Gossett Court, Waldorf, Maryland for all times material to this complaint.

The defendant is an individual doing business under the designation of a limited

liability company in the State of Maryland with its principle place of business at the address of 15480 Laguna Canyon Road, Suite 100, Irvine, CA 92618, for all times material to this complaint.

## PLAIN STATEMENT

This complaint concerns the defendant's actions and conduct whereby it acquired the plaintiff's credit and financial information, at least enough to make it appear as if the defendant was working with the lender in the trust deed. The defendant then proceeded to send written communications to the plaintiff stating that it now either had rights to foreclose under the trust deed or that it was working with other parties who had rights to foreclose, unless the plaintiff made more financial disclosures and modified payment arrangements to the defendant.

The defendant pretended to help the plaintiff and lead him into making more and more financial disclosures and then either discontinued the communication after it obtained what it wanted, or created a situation to make it appear as if the plaintiff did not qualify, but then never returned or certified the destruction of the records and information obtain about the plaintiff.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a trust deed that was recorded on the date of November 24th 2008, in Charles County, Maryland, in the amount of $364,500. The deed secured the payment of a promissory note made payable to COUNTRYWIDE BANK, FSB, the lender stated on the trust deed. The trustee's name in this instrument is RECONTRUST COMPANY.

There were no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

## STATEMENTS OF FACT AND DEFINITIONS

The term "identity theft" includes the act of stealing one's mail or looking through one's private home and/or commercial business trash. Sometimes the theft is undertaken by simply communicating with the victim, such as via mail, telephone and sometimes during service calls such as a plumber casing a house and then giving the information he discovers to a third party for money.

Sometimes identity thieves steal your wallet or purse, and sometimes they only take the information in your wallet or purse. They will also fraudulently pose as potential landlords, tax collector, banking organizations, attorneys, prospective or current employers, or creditors to try to obtain your personal data under false pretenses. The methods of identity theft have become known by the new term "phishing".

The term "phishing" is defined as someone is tricked into giving up personal information, typically by sending out what looks like official communications from banks, credit unions, or credit card companies asking to confirm private information including personal identification numbers and other critical identifiers. Some go so far as to file a "change of address" form to divert your mail to a drop or Post Office Box address.

The most recent example comes from the expanding mortgage foreclosure segment of the fiance market; whereby, individuals gather together public records such as trust deeds and create promissory notes and copy signatures from the trust deeds to the notes and use those copies along with other records created by software, to commission attorneys to begin a foreclosure action. The attorneys then contact a homeowner and tell him that his mortgage is in default, and usually claim some unknown third party to whom it's in default, and that to avoid foreclosure, he will have to provide financial disclosures for a "loan modification'. Out of fear, the unsuspecting homeowner provides this information without any conditions, such as never being advised of the perpetrator's document retention policy or what the financial information will be used for. Many organizations are able to obtain credit information about the homeowner simply by paying a membership fee to Equifax. This information is then used to obtain more information. In probably every case, this financial information is sold or traded to third parties and utilized in making false reports to the IRS, such as on Form 1099.

Identifying information also includes a person's name, telephone number, date of

birth, mother's maiden name, driver's license number, state identification number, or any other piece of information that can identify a person.

## COUNT VI – COMPLAINT FOR IDENTITY THEFT

Comes now the plaintiff Victoria O. Oshodi and sues the defendant SELENA MITCHERSON DBA "RUSHMORE LOAN MANAGEMENT SERVICES, LLC, AS ATTORNEY-IN-FACT BY APPOINTMENT" in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

The plaintiffs re-allege the foregoing and incorporate each statement herein.

Jurisdiction and venue are proper and this complaint is an action at law and is properly before this court.

Plaintiff's "private information", as the term is used in this complaint and accepted commonly in our modern community, includes but is not limited to the likeness of the plaintiff, and his personal identifying information, banking, financial and credit information, and any other personal information that is or can be used by the plaintiff for his own personal and professional benefits.

Plaintiff has the right to keep his private information and records from third parties, and has a right to rely upon the third party to only request such information for legitimate and legal purposes. The plaintiff's private records include the information appearing on his birth certificate, tax records, banking records, financial and other personal information and information that identifies the plaintiff, such as his likeness, photographs, videos, and other records which have not been deliberately published to third parties.

Beginning from around March of 2012 and continuing through the present day, the plaintiff were contacted by the defendant and other organizations affiliated with, and that appeared to be working for the defendant. Plaintiff has reason to believe that these organizations where owned and operated by the defendant and being used to conceal the identities of the defendant. These organizations threatened the plaintiffs with the taking their home and money unless they provided certain financial, personal, banking

and identifying information to the defendant.  Copies of these written communications are attached as Exhibit B.

The defendant also made inquiries of the plaintiff credit report but did not have a permissible purpose.

The defendant obtained records from the public domain that pertain to the plaintiff's property and rights to his property, and then use these records to create additional records and convince the personnel working in the court system to participate in a public auction of the plaintiff's home.

The defendant has deliberately and willfully, falsely presented itself and impersonated itself to the plaintiff as another person to obtain the plaintiff's property for purposes not permitted by law or agreement.

The defendant had an affirmative duty to disclose the purposes for which it coerced plaintiff's banking, personal, financial and identifying information.

The defendant's actions were deliberate and will and negligent and careless. The plaintiff was never provided with a disclosure of the defendant's document retention policy or an explanation of the purposes for which the plaintiff's private information would be used.

The plaintiff requested a copy of the defendant's document retention policy but this request was ignored.

The defendant intentionally and willfully violated the plaintiff's rights to privacy and to keep his private and personal records private.

The defendant engaged in communications with the plaintiff and deceived him into disclosing his private information.  The defendant accomplished this by using the information already available to the defendant in the public domain to make it appear as if the defendant had some legal rights to obtain more of the plaintiff's private information, when the defendant did not have such rights.

After obtaining plaintiff's private information, defendant used this information for its own financial gain and ulterior and undisclosed purposes, and for purposes not permitted by law or by the plaintiff.  The defendant has or intends to file claims with the Internal Revenue Service, such as Form 1099, using the plaintiff's identifying

information.

The defendant has or intends to use the plaintiff's private information to sell or trade with third parties for the mutual benefit of these parties, exclusive of contrary to the interests of the plaintiff.

The defendant used this information to sell the plaintiffs' property at a public auction in order to further give the appearance that it was legal when it was not.

Since the date of March 15th 2012, and to the best of plaintiff's knowledge, the defendant has been in possession of plaintiff's private information, and without the consent of the plaintiff and without legal authority.

## DAMAGES

The plaintiff has suffered damages as a direct and proximate result of the defendant's actions and failures to act.

The plaintiff has suffered the loss of the actual fair market value of his home because the defendant has been encumbering the plaintiff's property, before, during and following the foreclosure thereof. The actual damages are: 1. The fair market value of plaintiff's property in the amount of $350,000. 2. The loss of the money deposited with the lender identified on the mortgage or trust deed lien in the amount of $364,500. 3. Costs and attorney fees associated with defending against the foreclosure process in the amount of $2,200 and 4. Unauthorized use and retention of plaintiff's personal, banking, financial and identifying information resulting in damages that have not yet fully been able to be calculated by that are estimated to exceed $250,000 as of this date.

WHEREFORE plaintiff demands judgment against the defendant in the aggregate amount of damages alleged in the complaint of $966,700, together with other relief this court deems appropriate.

## COUNT VII – COMPLAINT TO DISSOLVE CONSTRUCTIVE TRUST

Comes now the plaintiff Victoria O. Oshodi and sues the defendant GMAT LEGAL TITLE TRUST 2014-1, U.S. BANK, NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE for damages and to dissolve a constructive trust.

## VENUE

The plaintiff has resided in Charles County, Maryland at the address known as 3265 Gossett Court, Waldorf, Maryland for all times material to this complaint.

The defendant is a group of organizations, such as a trust, national association and trustee, doing business in the State of Maryland with its principle place of business at the address of 425 Walnut Street, Cincinnati, OH 45202-3923 for all times material to this complaint.

## PLAIN STATEMENT

The plaintiff is the mortgagor in a trust deed that was recorded on the date of November 24th 2008, in Charles County, Maryland, in the amount of $364,500.  The deed secured the payment of a promissory note made payable to COUNTRYWIDE BANK, FSB, the lender stated on the trust deed.  The trustee's name in this instrument is RECONTRUST COMPANY.

## STATEMENTS OF FACT

Plaintiffs re-allege the foregoing allegations and incorporates each herein.

On the date of August 11th 2015, the defendant together with the other named defendants, fraudulently conveyed the plaintiff's property at what was portrayed to be a public auction. A record of this sale is attached as Exhibit C.

The legal description of the property for which the constructive trust was formed is:

Lots Numbered Seventy-Three (73) In Block lettered "A" in the Subdivision known as "Plat Two of Three, Section 1C, Lots 52 thru 54, 69 thru 84 and Parcel 8, Block A, Charles Crossing," as per Plat therof recorded in Plat Book DGB 49 at Plats 85 and 85, among the Land Records of Charles County, Maryland.

The title to this property was in the plaintiff's name prior to the conveyance and the plaintiffs had the exclusive rights and interests to convey the title and the defendant did not and no other individuals had such rights or interests but the plaintiffs.

The plaintiff is the intended party to whom the property should be re-conveyed.

The defendant is not entitled to the property.

The defendant wrongfully acquired the title to plaintiffs' property.

This title is still the plaintiff's private property and now in trust for the plaintiff, held for the benefit of the plaintiff.

The constructive trust was imposed upon the plaintiff's property by the defendant.

The plaintiffs each have an interest in the property.

By taking the title to plaintiff's property without permission, agreement or compensation, the defendant is in breach of a duty owed to the plaintiff.

The defendant is and will continue to be unjustly enriched at the expense of the plaintiff if permitted to retain the title to plaintiff's property without payment to the plaintiff.

Defendant is currently in wrongful possession of plaintiff's property.

Plaintiff demands a jury trial.

WHEREFORE plaintiff demands that,

a)  the constructive trust order the defendant to transfer or convey the property to the intended party, the plaintiff; and

b)  damages for the value of the property wrongfully conveyed in the amount of $ 287,000 plus interest dating from the date of judgment; and

c)  for other relief deemed appropriate by this court.

DATED this _19th_ day of ~~September~~ *October*, 2015.

_Victoria O. Oshodi_
Victoria O. Oshodi, Plaintiff